UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LYLE ORR, <br><br> Plaintiff, <br><br> v. <br><br> WHITLEY COUNTY JAIL, et al., <br><br> Defendants. | CAUSE NO. 1:24-CV-505-JTM-JEM |

OPINION and ORDER

Lyle Orr, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (DE # 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Orr is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Orr is an inmate at the Whitley County Jail. He claims he noticed a "spot" on his leg in September 2024. He saw a jail doctor and a jail nurse a total of four times for this issue and was also prescribed a cream to put on his leg. Nevertheless, as of November

2024, the spot was still there. He sues the jail, Commander Shawn Martin, and Quality Correctional Care for $50,000 in damages.

Because Orr was a pretrial detainee when these events occurred, his rights arise under the Fourteenth Amendment.[1] *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). To assert a Fourteenth Amendment violation based on the denial of medical care, a detainee must allege that he had an objectively serious medical need, the defendant committed a volitional act concerning that medical need, and that act was objectively unreasonable under the circumstances. *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Allegations of negligence or even "gross negligence" do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353-54.

Orr has not stated a plausible constitutional claim under governing standards. First, he has not provided enough information for the court to plausibly infer that he had an objectively serious medical need. He does not describe the "spot" in any detail, including how big it was or whether it caused him any other symptoms. Merely "putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened . . . that *might* be redressed by the law" is not

---

[1] Public records reflect that on December 3, 2024, Orr was convicted of a criminal offense and sentenced to a term of incarceration. *See State v. Orr*, No. 92D01-2408-CM-000994 (Whitley Sup. Ct. closed Dec. 3, 2024). After that date, his rights would arise under the Eighth Amendment rather than the Fourteenth Amendment. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). The court understands him to be complaining only about events that occurred between September and November 2024, prior to his conviction.

2

enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

Second, he has not named an individual who committed a volitational act related to his medical care that could be deemed objectively unreasonable under the circumstances. The jail is not a viable defendant because it is a building, not a person or policy-making body that can be sued for constitutional violations. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). He does not describe any personal involvement by the Jail Commander in his complaint, and this individual cannot be held liable for damages solely because of his position. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Likewise, Quality Correctional Care cannot be held liable for damages simply because it employs medical staff at the jail. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued for constitutional violations under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but only if an employee's unlawful acts "were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Thus, to allege a plausible *Monell* claim, the plaintiff must identify an official policy that caused him injury. *Grieveson*, 538 F.3d at 771. A plaintiff pursuing an official custom theory "must allege facts that permit

the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

As a threshold matter, Orr has not plausibly alleged an unlawful act by a Quality Correctional Care employee. Even if he did, isolated incidents of wrongdoing by a few employees cannot form the basis for a *Monell* claim. *Howell*, 987 F.3d at 654. He does not identify an official policy held by Quality Correctional Care that caused him injury in his complaint, nor does he allege facts permitting a reasonable inference that Quality Correctional Care has an official custom that denied him his rights under the Fourteenth Amendment.

Therefore, the complaint does not state a claim upon which relief can be granted. "[L]itigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013). Orr will be afforded an opportunity to file an amended complaint, if he believes he can state a plausible constitutional claim based on this incident, consistent with what he has already alleged under penalty of perjury. For these reasons, the court:

(1) GRANTS the plaintiff until **February 14, 2025**, to file an amended complaint;

(2) CAUTIONS him that if he does not file an amended complaint by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A without further notice.

**SO ORDERED.**

Date: January 14, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

4